Gaston, Judge.
 

 The inquiry which the Court directed, has been made. To the commissioner’s report is annexed the receipt, the character of which we wished to ascertain, and that manifestly does pot comprehend the plaintiff’s or the plaintiff’s wife’s undivided interest in Oney. It follows upon a statement in which the plaintiff is credited solely for his share of the
 
 perishable
 
 estate of Robert Graham. There is no room to doubt that the term
 
 perishable
 
 was intended to exclude this interest; for we find the amount of twenty-eight dollars and thirty-four cents, at which the share of the perishable estate is stated to be, the same received by the other children who have retained Oney and her increase. There is then no proof that any payment or satisfaction was made to the plaintiff on account of the subject-matter of this suit, unless we are to presume satisfaction merely because of the delay in instituting it. Now, it appears that Oney remained in the possession of Mrs. Graham, the widow and administratrix, until 1825; and no presumption during that time arises against any of the persons entitled to distributive shares. The benefit from her labour was a slender compensation for rearing her children; and this bill was filed in less than four years thereafter. Besides, it would seem from the terms of the receipt,, which is given by the plaintiff as father and guardian of “ Robert Bird,” that the plaintiff
 
 *171
 
 supposed the right to be, not in himself, but in his child, and if so he had no reason to fear that the child’s claim could be prejudiced during his minority. The lapse of time under these circumstances is insufficient to warrant the presumption of satisfaction, and the Court therefore declares that the plaintiff, as administrator of his deceased wife, is entitled to an undivided sixth part of Oney and her increase. This declaration is made because the parties before the court have expressly waived all objections because of the want of other proper parties. But a final decree cannot be rendered unless those who hold Oney and her increase are before the Court. To enable the plaintiff to have this done, the cause is ordered to be remanded to the Court of Equity for the County of Montgomery.
 

 Per Curiam. Cause remanded accordingly.